1  RANDY S. GROSSMAN
   United States Attorney
2  MICHAEL G. WHEAT
   Assistant U.S. Attorney
3  California State Bar No. 118598
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  (619) 546-8437
6  michael.wheat@usdoj.gov

**FILED**

NOV - 8 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7  Attorneys for Plaintiff
   United States of America

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,        Case No.: 22CR0422-TWR

12              Plaintiff,

13      v.                           PLEA AGREEMENT

14  JULIO RAFAEL SEGURA,

15

16              Defendant.

17

18      IT IS HEREBY AGREED between the plaintiff, United States

19  of  America,  through  its  counsel,  Randy  S.  Grossman,

20  United States  Attorney,  and  Michael  G.  Wheat,  Assistant

21  United States Attorney, and Defendant, Julio Rafael Segura,

22  with the advice and consent of Daniel Casillas, counsel for

23  Defendant, as follows:

24  //

25  //

26  //

27  //

28  mgw:11/1/22

Def. Initials J.S

I

## THE PLEA

### A.   THE CHARGES

Defendant has agreed to waive indictment and plead guilty to an Information charging Defendant with:

Count 1
Dealing in Firearms without a License, in violation of Title 18, U.S.C., Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D); and

Count 2
Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Defendant agrees that, following entry of Defendant's guilty plea, the United States need not hold or preserve any evidence seized in connection with this case, including but not limited to any firearms or ammunition seized in connection with this case.

Furthermore, if the court has issued any preservation orders in connection with any seized evidence, the Defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

### B.   FORFEITURE

Defendant consents to the forfeiture of all properties seized in connection with the case. The Defendant agrees to the criminal, administrative and civil forfeiture of all properties seized in connection with this case which the Defendant agrees are subject to forfeiture to the United States pursuant to Title 18, United States Code,

Section 924(d) and Title 28, United States Code, Section 2461(c). The Defendant further waives his right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other criminal, administrative and civil proceedings. Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

II

NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

Count 1

    1.   The Defendant was not licensed to deal firearms; and

    2.   The Defendant willfully engaged in the business of dealing firearms.

Count 2

    1.   Defendant knowingly possessed a firearm or ammunition;

    2.   At the time of the charged act, Defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

3.   At the time of the charged act, Defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

4.   The firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.   In a case begun in February 2016 and running until at least January 8, 2019, in the Superior Court of San Diego County, Defendant JULIO RAFAEL SEGURA (SEGURA), was convicted of California Penal Code Section 594 (Felony), an offense punishable by a term of imprisonment in excess of one year.

2.   On August 6, 2021, SEGURA met an undercover Alcohol, Tobacco and Firearms (ATF) agent (UCA) in a parking lot in Escondido, CA, and sold two AR platform unserialized rifles [determined to be personally manufactured firearms (PMFs)] and two 30-round high-capacity magazines in exchange for $3,000.

3.   On October 1, 2021, SEGURA met an UCA in a parking lot in Escondido, CA, and sold an AR platform unserialized rifle (PMF) in exchange for $2,000, and also sold the UCA 830 rounds of assorted .223, 9 mm, and .45 caliber ammunition in exchange for $3,170. This ammunition traveled in and affected interstate commerce, as none of this ammunition is manufactured in the State of California.

4.   On October 28, 2021, SEGURA met the UCA in a parking lot in Escondido, CA, and sold a Polymer-80 unserialized pistol (PMF) in exchange for $1,100, and also sold a 30-round high-capacity

magazine and 26 rounds of Tula Cartridge Works 9-millimeter ammunition. This ammunition traveled in and affected interstate commerce as it was manufacture outside of the State of California.

5.  On January 10, 2022, SEGURA met the UCA in a parking lot in Escondido, CA, and sold a Ruger American Pistol, Model 8639, 45 caliber pistol bearing serial number 861-18573, in exchange for $1,700. This firearm traveled in and affected interstate commerce as it was manufactured outside of the State of California.

6.  On January 18, 2022, SEGURA met the UCA in a parking in Escondido, CA, and sold a Ruger, model: SR9, caliber 9-millimeter, bearing serial number 330-85452, with a 30-round high-capacity magazine, in exchange for $1,400; a Smith & Wesson, model: SD9VE, caliber: 9-millimeter, bearing serial number FDB4072 in exchange for $1,500; a Waffen Werks Knoxville, model: AK-74 rifle, Caliber: 545, bearing an obliterated serial number in exchange $3,600, and 75 rounds of assorted ammunition. In addition, these firearms and ammunition traveled in and affected interstate commerce in that each was manufactured outside of the State of California.

7.  The federal Gun Control Act requires that all persons who are engaged in the business of dealing in firearms be licensed by ATF. A review of ATF records reveals that SEGURA has never sought nor obtained a license to deal in firearms.

## III

## PENALTIES

Defendant understands that the crime to which Defendant is pleading guilty carries the following penalties:

### Count 1

A.  a maximum of 10 years in custody;

B.  A maximum $250,000 fine;

C.   A mandatory special assessment of $100.00;

D.   A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release, and

E.   Forfeiture of all firearms and ammunition involved in the offense.

Count 2

A.   a maximum of 10 years in custody;

B.   A maximum $250,000 fine;

C.   A mandatory special assessment of $100.00;

D.   A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release, and

E.   Forfeiture of all firearms and ammunition involved in the offense.

IV

DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.   continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B.   a speedy and public trial by jury;

C.   the assistance of counsel at all stages of trial;

D.   confront and cross-examine adverse witnesses;

E.  testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  not testify or have any adverse inferences drawn from the failure to testify.

V

DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The United States represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant.  The United States will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that, if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses.  In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information.  Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable United States benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from United States contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this Agreement or otherwise disclosed to the court;

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

VII

AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF CALIFORNIA

This Plea Agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the United States will bring this Plea Agreement to the attention of other authorities if requested by the Defendant.

//

//

USA v. SEGURA
Plea Agreement

8

Def. Initials J.S
22CR0422-TWR

1

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that, in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the United States has had an opportunity to review and challenge the presentence report. Defendant agrees to request that a presentence report be prepared. Nothing in this Plea Agreement shall be construed as limiting the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This Plea Agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The United States has not made and will not make any

1 | representation as to what sentence Defendant will receive.
2 | Defendant understands that the sentencing judge may impose
3 | the maximum sentence provided by statute and is also aware
4 | that any estimate of the probable sentence by defense counsel
5 | is a prediction, not a promise, and is not binding on the
6 | Court. Likewise, the recommendation made by the United States
7 | is not binding on the Court, and it is uncertain at this time
8 | what Defendant's sentence will be. Defendant also has been
9 | advised and understands that, if the sentencing judge does
10 | not follow any of the parties' sentencing recommendations,
11 | Defendant nevertheless has no right to withdraw the plea.

12 | X

13 | PARTIES' SENTENCING RECOMMENDATIONS

14 | A.   SENTENCING GUIDELINE CALCULATIONS

15 | Although the parties understand that the Guidelines are
16 | only advisory and just one of the factors the court will
17 | consider under 18 U.S.C. § 3553(a) in imposing a sentence,
18 | the parties will jointly recommend the following Base Offense
19 | Level, Specific Offense Characteristics, Adjustments and
20 | Departures (if applicable), based on the November 1, 2021,
21 | guidelines:

22 | 1.   Count 1 & 2 (§922(a)(1) & (g)(1)) [2K2.1 (a)(6)] 14
23 | 2.   Number of firearms [2K2.1 (b)(1)(B)]          +4
24 | 3.   Obliterated serial number [2K2.1 (b)(4)]      +4
25 | 4.   Trafficking in firearms [2K2.1 (b)(5)]        +4
26 | 5.   Acceptance of Responsibility [§ 3E1.1]        -3
27 |
28 | USA v. SEGURA
   | Plea Agreement                10          Def. Initials J.S
   |                                                   22CR0422-TWR

1    The parties agree that, if Defendant is determined to be
2 a career offender pursuant to USSG § 4B1.1(a), the applicable
3 base offense level shall be determined pursuant to USSG §
4 4B1.1(b). Furthermore, the Defendant will be ineligible for
5 any role reduction.

6    B.   ACCEPTANCE OF RESPONSIBILITY

7    Notwithstanding paragraph A.5 above, the United States
8 will not recommend any adjustment for Acceptance of
9 Responsibility if Defendant materially breaches this Plea
10 Agreement by any of the following:

11         1.   Fails to truthfully admit a complete factual
12              basis for the plea at the time it is entered, or

13         2.   Denies involvement in the offense, gives
14              conflicting statements about that involvement,
                or is untruthful with the Court or probation
                officer, or
15
16         3.   Falsely denies prior criminal conduct or
                convictions; or

17         4.   Fails to appear in court, or

18         5.   Engages in additional criminal conduct, or

19         6.   Attempts to withdraw the plea, or

20         7.   Fails to abide by any lawful court order, or

21
22         8.   Contests or assists any third party in contesting
                the forfeiture of property seized or forfeited
23              in connection with this case.

24    C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
           INCLUDING THOSE UNDER 18 U.S.C. § 3553

25    The parties are free to request or recommend additional
26 downward adjustments, departures, and sentencing reductions
27 under 18 U.S.C. § 3553.

28 *USA v. SEGURA*
   *Plea Agreement*                11        Def. Initials J.S.
                                              22CR0422-TWR

1   D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

2       The parties have no agreement as to Defendant's Criminal
3   History Category, except that, if Defendant is determined to
4   be a Career Offender, the parties agree that the Defendant is
5   automatically a Criminal History Category VI pursuant to USSG
6   § 4B1.1(b).

7   E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

8       The parties agree that the facts in the "factual basis"
9   paragraph of this Agreement are true and may be considered as
10  "relevant conduct" under USSG § 1B1.3 and as the nature and
11  circumstances of the offense under 18 U.S.C. § 3553(a)(1).

12  F.   RECOMMENDATIONS REGARDING CUSTODY

13      The United States will recommend that Defendant be
14  sentenced within the guideline range contemplated by this
15  Agreement.

16  G.   SPECIAL ASSESSMENT

17      The parties will jointly recommend that Defendant pay a
18  special assessment in the amount of $200.00 to be paid
19  forthwith at time of sentencing. The special assessment shall
20  be paid through the office of the Clerk of the District Court
21  by bank or cashier's check, or money order made payable to
22  the "Clerk, United States District Court."

23  H.   SUPERVISED RELEASE

24      The parties agree that Defendant shall not seek to reduce
25  or terminate early the term of supervised release, or other
26  term of supervision, without the advance written consent of
27  the United States.

28  *USA v. SEGURA*
    *Plea Agreement*                    12          Def. Initials J.S.
                                                    22CR0422-TWR

1  I.  <u>FORFEITURE</u>

2  Defendant's conviction will include forfeiture.

3      1.  *Penalty*

4  In addition to the penalties in the Plea Agreement,

5  federal law states Defendant must forfeit to the United States

6  all firearms and ammunition involved in the offenses.

7      2.  *Property Subject to Forfeiture*

8  As part of Defendant's guilty plea to Count 1 of the

9  Information, as set forth in section I of the Plea Agreement,

10 Defendant agrees to forfeit all property seized in connection

11 with this case, including but not limited to:

       a. two personally manufactured firearms (PMF) AR platform unserialized rifles;

       b. two 30-round high-capacity magazines;

       c. one PMF AR platform unserialized rifle;

       d. 830 rounds of assorted .223, 9 mm, and .45 caliber ammunition;

       e. One Polymer-80 PMF unserialized pistol;

       f. one 30-round high-capacity magazine;

       g. 26 rounds of Tula Cartridge Works 9-millimeter ammunition;

       h. One Ruger American Pistol, Model 8639, 45 caliber pistol bearing serial number 861-18573;

       i. One Ruger, model: SR9, caliber 9-millimeter, bearing serial number 330-85452;

       j. One 30-round high-capacity magazine;

       k. One Smith & Wesson, model: SD9VE, caliber: 9-millimeter, bearing serial number FDB4072;

       l. One Waffen Werks Knoxville, model: AK-74 rifle, Caliber: 545, bearing an obliterated serial number; and

       m. 75 rounds of assorted ammunition.

3. *Basis of Forfeiture*

Defendant owns all the property and admits they are firearms and ammunition and related properties involved in the offenses and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

4. *Preliminary Order of Forfeiture*

Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the property. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to the property seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the United States to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the Plea Agreement, relieving the United States of all its obligations under the Agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

//

//

USA v. SEGURA
Plea Agreement

14

Def. Initials J.S
22CR0422-TWR

1            5.   *Orders of Forfeiture and Waiver of Notice*

2       Defendant consents and agrees to the entry of orders of
3  forfeiture for such property and waives the requirements of
4  Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
5  notice   of   the   forfeiture   in   the   charging   instrument,
6  announcement    of    the    forfeiture    at    sentencing,    and
7  incorporation of the forfeiture in the judgment. Defendant
8  understands that the forfeiture of assets is part of the
9  sentence that may be imposed in this case and waives any
10  failure by the Court to advise Defendant of this, pursuant to
11  Rule 11(b)(1)(J), at the time the Court accepts the guilty
12  plea.

13            6.   *Constitutional and Statutory Challenges*

14       Defendant further agrees to waive all constitutional and
15  statutory challenges (including direct appeal, *habeas corpus*,
16  or any other means) to any forfeiture carried out in accordance
17  with this Agreement, including any claim that the forfeiture
18  constitutes   an   excessive   fine   or   punishment   under   the
19  United States Constitution. Defendant agrees to take all steps
20  as  requested  by  the  United  States  to  pass  clear  title  to
21  forfeitable  assets  to  the  United  States  and  to  testify
22  truthfully in any judicial forfeiture proceeding.

23            7.   *Agreement Survives Defendant*

24       Defendant agrees that the forfeiture provisions of this
25  Plea Agreement are intended to, and will, survive Defendant,
26  notwithstanding  the  abatement  of  any  underlying  criminal
27  conviction   after   the   execution   of   this   Agreement.   The

28  *USA v. SEGURA*                          Def. Initials J.S
   *Plea Agreement*              15                22CR0422-TWR

1  forfeitability of any particular property pursuant to this
2  Agreement shall be determined as if Defendant had survived,
3  and that determination shall be binding upon Defendant's
4  heirs, successors and assigns.

5                                   XI

6            DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

7        Defendant waives (gives up) all rights to appeal and to
8  collaterally attack every aspect of the conviction and
9  sentence, including any restitution order. This waiver
10 includes, but is not limited to, any argument that the statute
11 of conviction or Defendant's prosecution is unconstitutional
12 and any argument that the facts of this case do not constitute
13 the crime charged. The only exception is Defendant may
14 collaterally attack the conviction or sentence on the basis
15 that Defendant received ineffective assistance of counsel. If
16 Defendant appeals, the Government may support on appeal the
17 sentence or restitution order actually imposed. If Defendant
18 believes the United States' recommendation at the time of
19 sentencing is not in accord with this Agreement, Defendant
20 will object at the time of sentencing; otherwise, the
21 objection will be deemed waived and cannot be raised on appeal.

22       If Defendant breaches this Plea Agreement, at any time,
23 in any way, including, but not limited to, the reasons set
24 forth in section X.B. above, the United States may prosecute
25 Defendant for any counts, including those with mandatory
26 minimum sentences, dismissed or not charged pursuant to this
27 Plea Agreement. Additionally, the United States may use any
28 *USA v. SEGURA*
   *Plea Agreement*                16                Def. Initials J.S
                                                     22CR0422-TWR

1 | factual admissions made by Defendant pursuant to this Plea
2 | Agreement in any such prosecution.

3 | XII

4 | <u>BREACH OF THE PLEA AGREEMENT</u>

5 | Defendant and Defendant's attorney know the terms of this
6 | Agreement and shall raise, before the sentencing hearing is
7 | complete, any claim that the United States has not complied
8 | with this Agreement. Otherwise, such claims shall be deemed
9 | waived (that is, deliberately not raised despite awareness
10 | that the claim could be raised), cannot later be made to any
11 | court, and if later made to a court, shall constitute a breach
12 | of this Agreement.

13 | Defendant breaches this Agreement if Defendant violates
14 | or fails to perform any obligation under this Agreement. The
15 | following are non-exhaustive examples of acts constituting a
16 | breach:

17 |     1.  Failing to plead guilty pursuant to this
18 |        Agreement;

19 |     2.  Failing to fully accept responsibility as
    |        established in Section X, paragraph B, above;
20 |

21 |     3.  Failing to appear in court;

22 |     4.  Attempting to withdraw the plea;

23 |     5.  Failing to abide by any court order related to
    |        this case;

24 |     6.  Appealing (which occurs if a notice of appeal is
25 |        filed) or collaterally attacking the conviction
    |        or sentence in violation of Section XI of this
26 |        Plea Agreement; or

27 | //

28 | *USA v. SEGURA*
    | *Plea Agreement*

17

Def. Initials ___

22CR0422-TWR

       7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this Plea Agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this Plea Agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend, above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this Agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this Agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this Plea Agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this Agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this Plea Agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this Agreement, but later pursues because of a breach by the Defendant.

1  Additionally, Defendant knowingly, voluntarily, and
2  intelligently waives any argument that the statements and any
3  evidence derived from the statements should be suppressed,
4  cannot be used by the United States, or are inadmissible under
5  the United States Constitution, any statute, Rule 410 of the
6  Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
7  Criminal Procedure, and any other federal rule.

8                              XIII

9                      ENTIRE AGREEMENT

10      This Plea Agreement embodies the entire agreement between
11  the parties and supersedes any other agreement, written or
12  oral.

13                             XIV

14      MODIFICATION OF AGREEMENT MUST BE IN WRITING

15      No modification of this Plea Agreement shall be effective
16  unless in writing signed by all parties.

17                             XV

18      DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

19      By signing this Agreement, Defendant certifies that
20  Defendant has read it.  Defendant has discussed the terms of
21  this Agreement with defense counsel and fully understands its
22  meaning and effect.

23  //
24  //
25  //
26  //
27  //

28  USA v. SEGURA
    Plea Agreement              19          Def. Initials ____
                                            22CR0422-TWR

1                               XVI

2            DEFENDANT SATISFIED WITH COUNSEL

3       Defendant has consulted with counsel and is satisfied with

4  counsel's representation.   This  is  Defendant's  independent

5  opinion, and his counsel did not advise her about what to say

6  in this regard.

7                       Respectfully submitted,

8                       RANDY S. GROSSMAN

9                       United States Attorney

10  1 November 2022         *Michael G. Wheat*

     DATED                    MICHAEL G. WHEAT

11                       Assistant U.S. Attorney

12

13  11-2-22

     DATED                    DANIEL CASILLAS

14                       Defense Counsel

15

16       **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE,**
**I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL**

17  **BASIS" PARAGRAPH ABOVE ARE TRUE.**

18  11-3-22

19       DATED                    JULIO RAFAEL SEGURA

                       Defendant

20

21  Approved By:

22  /s/Matthew Brehm

     MATTHEW BREHM

23  Assistant U.S. Attorney

24

25

26

27

28  *USA v. SEGURA*
     *Plea Agreement*             20            Def. Initials J.S

                                               22CR0422-TWR